**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LAURA B. WRIGHT,

        Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

2:21-cv-01235-VCF

**ORDER**

MOTION FOR REMAND [ECF NO. 20], CROSS MOTION TO AFFIRM AND OPPOSITION TO PLAINTIFF'S MOTION TO REMAND [ECF NO. 21]

    This matter involves Plaintiff Laura B. Wright's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Wright's Motion for Reversal or Remand (ECF No. 20) and the Commissioner of Social Security's Motion to Affirm and Opposition to Plaintiff's Motion to Remand (ECF No. 21). For the reasons stated below the Court denies Wright's Motion to Reverse or Remand and grants the Commissioner's Motion to Affirm.

**STANDARD OF REVIEW**

    The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

    The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). When reviewing an ALJ's decision, "the findings of the Commissioner of

Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla" of evidence. *Gutierrez v. Comm'r of Soc Sec.*, 740 F.3d 519, 522 (9th Cir. 2014); *Burch*, 400 F.3d at 679.

If the evidence could give rise to multiple rational interpretations, the court must uphold an ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

**DISCUSSION**

**I.      Factual Background**

The ALJ applied the five-step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ found that while Wright suffered from medically determinable severe cervical spondylosis, degenerative disc disease of the lumbar, obesity, status post carpal tunnel syndrome releases, hip osteoarthritis, and peripheral neuropathy (AR 18), she maintained "the residual functional capacity to perform light work… and occasional overhead reaching with both arms." (AR 22).[1] The ALJ explained, after reviewing all the evidence, that "…the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms: however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (ECF 19 at 30).

The ALJ found that Wright was able to work as a dealer and dealer/supervisor, and Wright could perform that kind of work through the date last insured. (AR 28). The ALJ also concluded that Wright did not meet the definition of disability through December 31, 2018, the date last insured. (AR 29). The

---

[1] AR signifies a citation to the Administrative Record

ALJ based this determination upon Wright's medical evidence (ECF 20 at 4) and the testimony of the vocational expert, Sandra Trost. (ECF 20 at 5). The vocational expert testified that Wright performed the composite position of dealer, DOT #343.464-010, light work with an SVP of 5, and supervisor, DOT #343.137-014, light, skilled work with an SVP of 6. The vocational expert testified that the hypothetical individual[2] could perform this composite job as generally performed in the national economy. (ECF 19 at 36). The vocational expert testified that: (1) Wright maintained the ability to work as a supervisor and (2) she had "…seen dealers with a chair and seen them stand, most of the time, depending on the situation". (AR 63). Based on this testimony, the ALJ inferred that Wright had the ability to alternate between sitting and standing every 30 minutes as required by her disability and therefore maintained residual functional capacity. *Id.*

Wright claims that the ALJ made a legal error when concluding she had the residual functional capacity to continue her past relevant work as the composite job of dealer and supervisor. (AR 28-29). Wright argues that the ALJ did not state clear and convincing reasons for rejecting her disability and that the ALJ's inference that Wright would have the option to change position between sitting and standing every 30 minutes did not flow from the expert's testimony. (ECF 5 at 3 and ECF No. 20 at 7). Wright emphasizes that the vocational expert did not state in her testimony that "most, the median, the plurality, or a significantly large minority" of dealers have the option of changing positions every 30 minutes as the "generally performed in the national economy" language would require. (ECF No. 20 at 7)

Furthermore, Wright claims the ALJ's finding that Wright could perform the work either as *actually* performed or as *generally* performed in the national economy per 20 C.F.R. § 404.1560(b)(2) is incompatible with the general or usual reality of a job as a dealer and dealer/supervisor. (ECF 20 at 6). Wright asserts that the ALJ's finding that Wright's position as a supervisor gave her the ability to

---

[2] Hypothetical 1: if the individual can lift 20 pounds occasionally, 10 pounds frequently; stand, walk, or sit for six out of eight hours each; frequent ramps or stairs; occasional ladders, ropes, or scaffolds; frequent balance, stoop, kneel, or crouch; only occasional crawl; frequent bilateral overhead reaching; occasional work at heights, with any dangerous moving machinery.

control her environment is incompatible with the reality of her position as she was still required to deal cards. (ECF No. 20 at 8). "Because the ability to change positions during a shift does not generally exist in the national economy on this record, the ALJ conclusion that Wright could perform either the work of a dealer or a dealer-supervisor lacks the support of substantial evidence". *Id*. Wright argues in order to find that Wright could perform her composite job as actually performed, the ALJ must specifically find that she could perform all parts of that job. *Id*. Therefore, Wright claims the ALJ's finding that she has residual capacity to engage in work as a dealer and dealer/supervisor lacks substantial evidence. Wright asserts this conclusion is not supported by and conflicts with the vocational expert's testimony. (ECF. 20 at 7, 8). Finally, Wright claims that the ALJ did not make a step five analysis or conclusion about her ability to work thus leaving the record incomplete. (ECF. 20 at 8).

Wright does not challenge the ALJ's findings at steps one, two, or three of the sequential evaluation process, nor does she challenge the ALJ's residual functional capacity finding, the ALJ's evaluation of her symptom allegations, or the ALJ's evaluation of medical opinion evidence. (ECF 21 at 5). Wright does not challenge the ALJ's classification of her past relevant work as dealer and cardroom supervisor, nor does she challenge the vocational expert's expertise or any aspect of the vocational expert's testimony. *Id.* Wright is arguing that (1) the ALJ's conclusion does not flow from the evidence or vocational expert testimony (ECF No. 20 at 7); (2) the ALJ did not provide clear and convincing reasons for rejecting Wright's disability application (ECF 5 at 3 and ECF No. 20 at 7); (3) and the record is incomplete as the ALJ should have conducted a step five evaluation before making a conclusion. (ECF. 20 at 8)

**II.     <u>Analysis</u>**

A Commissioner's decision will be upheld if it has any support in the record. *Bowling*, 36 F.3d at 434. "Procedural perfection in administrative proceedings is not required.". *Morris v. Bowen*, 864 F.2d 333, 335. A judgment will not be vacated "unless the substantial rights of a party have been affected".

*Id.* To show prejudice, the claimant must point to evidence that would have been adduced and that could have changed the result. *Id.*

### A. The Evaluation Process

An individual seeking supplemental security income has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To overcome this burden, the individual must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of her disability claim. 20 C.F.R. § 416.914. If the individual has established an inability to perform her prior work, the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 2004) (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

The ALJ uses a five-step evaluation process to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines a finding of disability or non-disability can be made, that determination will be made, and no further inquiry is required. 20 C.F.R. § 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

At the first step, the ALJ will determine whether the claimant is currently engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). If an individual is found to currently engage in SGA, a finding of not disabled will be made, regardless of age, medical condition, education, or work experience. 20 C.F.R. § 416.920(b). If the individual is not engaging in SGA, the analysis proceeds to the next step.

At the second step, the ALJ must determine whether the claimant suffers from a medically determinable impairment that is severe or a combination of medical impairments that significantly limits the claimant from performing basic work duties. 20 C.F.R. § 416.920(c). When medical or other evidence

only establishes a slight abnormality that would have no more than a minimal effect on the claimant's ability to work the ALJ will find that a severe impairment is not present. 20 C.F.R. § 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[3] If the ALJ finds no severe impairments or combination of impairments, a finding of not disabled will be made. 20 C.F.R. § 416.920(a)(4)(ii). If, however, the ALJ finds severe impairments, the analysis will continue.

At the third step, the ALJ will consider whether the claimant's impairments, alone or in combination, meet or medically equal the criteria of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d), 416.925, and 416.926. Additionally, duration criteria must be met. 20 C.F.R. § 416.909. The impairment will meet the duration criteria if it is expected to last for life or if it has lasted or is expected to last for a continuous period of at least twelve months. *Id*. If the impairments or combination of impairments meet or medically equal the listed criteria, and the duration requirement has been met, a finding of disabled will be made, and the claimant will be entitled to disability benefits. 20 C.F.R. § 416.920(a)(4)(iii). If not, the inquiry will proceed to the next step. *Id*.

At the fourth step, the ALJ will determine whether the claimant maintains the residual functional capacity ("RFC") to perform her past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW is work the claimant has performed within the past fifteen years that was substantial gainful activity and that the claimant performed for a period great enough to learn how to perform it. 20 C.F.R. § 416.960(b)(1). If the ALJ determines the claimant can continue to perform her PRW, the claimant will be considered not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is unable to perform her PRW, the inquiry will continue to the last step. *Id*.

At the fifth step, the ALJ will determine whether the claimant may perform any work other than her PRW, taking into consideration her RFC, age, education, and work experience. 20 C.F.R. § 416.920(g).

---

[3] SSR are the Social Security Administration's official interpretations of the Social Security Act and the Administration's regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). SSR are entitled to a measure of deference from the courts as long as the SSR are consistent with the Social Security Act and the Administration's regulations. *Id.* at 1223.

At this step, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work and that other work exists in significant amounts within the national economy. *Yuckert*, 482 U.S. at 141-42. If the Commissioner fails to show that other work the claimant can perform is available in the national economy, a finding of disabled will be made. 20 C.F.R. § 416.920(a)(4)(v).

### B. The ALJ's Alleged (1)Failure to Articulate Clear and Convincing for its Finding of Non-Disability and (2) Disconnect Between the Vocational Expert's Opinion and the ALJ's Conclusion

Under 20 C.F.R. s 404.1545, it is the ALJ's responsibility to determine an applicant's "residual functions capacity," or what an applicant "…can still do despite [their] limitations." Social Security Ruling 96-8p states, "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1. Under 20 C.F.R. s 404.1520, "[the ALJ] consider[s]… [the applicant's] residual functional capacity and… past relevant work. If [the applicant] can still [perform] past relevant work, [the ALJ] will find that [the applicant is] not disabled." 20 C.F.R. s 404.1520(a)(4)(iv).

"At step four, a claimant has the burden to prove that he cannot perform his past relevant work 'either as actually performed or as generally performed in the national economy.'" *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016). It is then the responsibility of the ALJ to evaluate the evidence and determine the claimant's residual functional capacity. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

On review, it is the Court's role is to examine the Commissioner's decision and determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Under the "substantial evidence" standard, the Commissioner's

1  decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as
2  adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217, 59 S.Ct. 206,
3  83 L.Ed. 126 (1938). The District Court's review is limited. *Treichler v. Comm'r of SSA,* 775 F.3d 1090,
4  1093 (9th Cir. 2014). If the evidence supports more than one interpretation, the Court must uphold the
5  Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

6      Wright claims that the ALJ did not provide clear and convincing reasons for rejecting her application.
7  Wright also claims the ALJ's conclusion does not flow from the evidence or vocational expert testimony.
8  These claims are not supported by the record. The ALJ began step four of the analysis by conducting the
9  standard two-step analysis for determining whether the claimant maintains the residual functional capacity
10 to perform light work. First the ALJ analyzed whether there is an "…underlying medically determinable
11 physical or mental impairment… that could reasonably be expected to produce the claimant's pain or other
12 symptoms." (ECF 19 at 29). The ALJ spent seven pages of the report (ECF 19 at 29-35) summarizing and
13 evaluating Wright's medical evidence and the effect each piece of evidence had on her claim of disability.
14 The ALJ concluded that "claimant's medically determinable impairments could reasonably be expected
15 to cause the alleged symptoms".

16     Next the ALJ conducted the second portion of the two-step analysis which requires an evaluation of
17 the "…intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to
18 which they limit the claimant's work-related activities." (ECF 19 at 29). The ALJ concluded "…the
19 claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not
20 entirely consistent with the medical evidence and other evidence in the record…" (ECF 19 at 29). For
21 example, the ALJ points out that Wright "…testified that injections did not provide relief, but chart notes
22 indicate she reported they provided 50% relief." (ECF 19 at 29).

23     Next, after addressing the medical evidence, the ALJ addressed the vocational expert's testimony. Per
24 the ALJ's report, the "…vocational expert testified that a hypothetical individual of the claimant's age,

education, work background and residual functional capacity could return to this type of work as generally performed." (ECF 19 at 36). And that even though DOT did not provide a sit/stand option, she has observed positions that allow a sit/stand option where a stool or chair is available. (ECF 19 at 70). Furthermore, the vocational expert testified that the claimant performed the composite position of dealer and supervisor, and that the hypothetical individual could perform this composite job as generally performed in the national economy. (ECF 19 at 68-71).

Wright claims that the ALJ did not provide clear and convincing reasons for rejecting her claim of disability. However, the ALJ carefully articulated how Wright's claim failed to pass the two-step analysis for determining residual functional capacity. Though the ALJ found Wright has physical impairments, there are discrepancies in her testimony that call into the question the effect her symptoms have on her ability to work. This evidence, in conjunction with the expert's testimony, led the ALJ to conclude Wright maintained residual functional capacity. The ALJ's conclusion flows from the vocational expert's testimony. For these reasons Wright's Motion for Reversal or Remand is denied and the Commissioner of Social Security's Motion to Affirm and Opposition to Plaintiff's Motion to Remand is granted.

### C. Claim of Failure to Adequately Develop the Record

Under 42 U.S.C. § 423(d)(5)(B) "[i]n making any determination with respect to whether an individual is under a disability or continues to be under a disability, the Commissioner of Social Security shall consider all evidence… and shall develop a complete medical history…". If the ALJ determines the claimant can continue to perform her Past Relevant Work, the claimant will be considered not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If at any step the ALJ determines a finding of disability or non-disability can be made, that determination will be made and no further inquiry is required. 20 C.F.R. § 416.920(a)(4);). And "[i]f at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Wright argues that the ALJ failed to adequately develop the record when the ALJ failed to conduct a step five analysis of her claim. However, the ALJ determined at step four that Wright has residual functional capacity and therefore was not disabled. Per 20 C.F.R. § 416.920(a)(4), once a finding of non-disability is made, the ALJ may stop its inquiry. Therefore, the ALJ was not required to move onto step five of the analysis. For these reasons Wright's Motion for Reversal or Remand is denied and the Commissioner of Social Security's Motion to Affirm and Opposition to Plaintiff's Motion to Remand is granted.

ACCORDINGLY,

IT IS ORDERED that Wright's Motion for Reversal and/or Remand (ECF No. 20) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 21) is GRANTED.

The Clerk of Court is directed to enter judgment.

DATED this 13th day of July 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE